IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   )<br>                                                          )<br>    v.                                                  )<br>                                                          )<br>CHRISTOPHER HEARST and   )<br>CEDEVONTE HENRY,              )<br>                                                          )<br>              Defendants.                  ) | CRIMINAL ACTION FILE<br><br>NO. 1:18-cr-054-RWS-AJB |

**UNITED STATES MAGISTRATE JUDGE'S
<u>NON-FINAL REPORT AND RECOMMENDATION</u>**

Defendants Christopher Hearst and CeDevonte Henry move to suppress historical cell-site data obtained by law enforcement in February and March 2018 pursuant to an order under 18 U.S.C. § 2703(d), contending that a search warrant supported by probable cause was needed to obtain this evidence. [Docs. 46 and 60 (Hearst), 56 (Henry)]. Because binding precedent in this Circuit at the time of the § 2703(d) orders were issued allowed law enforcement to obtain historical cell-site data with a § 2703(d) order, the good faith exception to the exclusionary rule mandates that Defendants' motions be **DENIED**.

It is true that on June 22, 2018, the Supreme Court in *Carpenter v. United States*, --- S. Ct. ----, ----, 2018 WL 3073916, *9 (U.S. June 22, 2018), held that in most instances seven days of historical cell-cite location information obtained from a

suspect's wireless carrier was a search requiring a search warrant based on probable cause.  However, at the time of the applications and orders at issue in this case, the governing law in this Circuit (and every other Circuit Court of Appeals to consider the issue) was that a search warrant was not necessary to obtain historical cell-site location data.  *United States v. Davis*, 785 F.3d 498, 518 (11th Cir. 2015) (en banc).

Thus, even though a search warrant based on probable cause is now required to obtain historical cell-site location data, the data acquired in this case from a third-party service provider pursuant to § 2703(d) should not be suppressed because the good faith exception to the exclusionary rule is applicable.  In *Davis v. United States*, 564 U.S. 229, 241 (2011), the Supreme Court held, "Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule."  *See also United States v. Asghedom*, 646 Fed. Appx. 830, 834 (11th Cir. Mar. 29, 2016) (applying the good faith exception to the exclusionary rule to admit evidence obtained from a GPS tracking device affixed to a vehicle without a warrant "because law enforcement relied on then-binding appellant precedent") (citation omitted); *Davis*, 785 F.3d at 518 n.20 (holding in the alternative that, even if a warrant establishing probable cause was required to obtain cellular tower data, the good faith exception applied and that the defendant's motion to suppress was properly

denied by the district court).  At the time the § 2703(d) orders were issued in this case, binding precedent in this Circuit did not require a search warrant based on probable cause to obtain historical cell-site data.

As a result, the undersigned **RECOMMENDS** that Defendants' motions, [Docs. 46, 56, 60], be **DENIED**.

**IT IS SO RECOMMENDED**, this ___3rd___ day of ___July___, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE